# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ONE MAIN DEVELOPMENT, LLC, an Illinois LLC and UPTOWN ONE, LLC, an Illinois LLC, )))) | |
| Plaintiffs, )) | |
| v. )) | Case No. 13-2122 |
| THE TOWN OF NORMAL, ILLINOIS, an Illinois Municipal Corporation, )))) | |
| Defendant. ) | |

## **O R D E R**

This matter is now before the Court on a Motion to Dismiss by Defendant, Town of Normal, Illinois. For the reasons set forth below, the Motion to Dismiss [10] is DENIED.

### FACTUAL BACKGROUND[1]

Plaintiffs, One Main Development and Uptown One, are Illinois LLCs with principal places of business at One East Main Street, Suite 200, Champaign, Illinois 61821. Defendant, Town of Normal, is an Illinois municipal corporation. Following a decline in its downtown business district, Normal adopted the Town of Normal Downtown Renewal Tax Increment Redevelopment Plan in February 24, 2003. In 2006, officials from Normal contacted One Main about co-venturing with another developer for a project in Downtown Normal.

---

[1] The following factual allegations are taken from Plaintiffs' Amended Complaint and are presumed to be true for purposes of resolving the present motion, as required in reviewing a motion to dismiss.

In February 2007, One Main and Normal entered into an Uptown Renewal Redevelopment Agreement (the "Agreement"). The Agreement called for the development of three buildings on different parcels of land in downtown Normal to be phased in over time, beginning with the development of the "B Building," which included a mixed use building incorporating residential condominiums, offices, and retail space. The property for the B Building was to be conveyed from Normal to One Main for no charge after One Main obtained the financing to proceed with the B Building. At that time, One Main had a commitment for this financing.

A groundbreaking ceremony was held on September 24, 2007, and One Main began work on the B Building. One Main hired an architectural firm to design and complete construction drawings and renderings. The designs and plans were completed and the architectural firm was paid. The copyright in all of "the drawings, specifications, models, computer data, and other instruments of service" (the "Copyrighted Works") were owned by One Main.

In November 8, 2007, Normal and One Main executed a Conditional Right of Entry License for the B Building project site. This allowed One Main to begin construction mobilization, demolition work, and construction even though financing had not been finalized and the property had not been conveyed to One Main. One Main hired an engineering firm to design an earth retention system and incurred other costs associated with commencing development, such as obtaining soil samples, excavation, obtaining easements and variances, establishing power to the property, and pouring the foundation. On November 17, 2007, the Agreement was assigned from One Main to its affiliated LLC, Uptown One. One Main remained a guarantor of the performance of Uptown One.

In mid-2008, the bank withdrew its commitment and declined to close the financing deal. Work was suspended while One Main and Uptown One tried to obtain replacement financing. However, replacement financing was not obtained, and on October 10, 2010, Normal terminated the Agreement.

In November 2011, Normal issued a new request for proposals ("RFP") on the downtown project. The RFP was posted on the Normal website at www.normal.org. As part of the RFP, Normal copied and included some of the Copyrighted Works through links to the RFP without obtaining authorization from One Main. Although One Main submitted a proposal in response to the RFP, a competitor was ultimately selected.

One Main and Uptown One brought this suit alleging that: (1) Normal's posting and distribution of copies of the Copyrighted Works constituted acts of copyright infringement, and (2) they are entitled to recover the reasonable value of services that they provided to the project under the theory of *quantum meruit*. Normal has moved to dismiss the Amended Complaint. Plaintiffs have responded, and this Order follows.

## DISCUSSION

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41 (1957); <u>Gould v. Artisoft, Inc.</u>, 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." *Bell*

*Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." *Id.*; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); *M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992).

Normal moves to dismiss the copyright infringement count of the Amended Complaint on the grounds that Plaintiffs lacked ownership of the alleged copyrights when the alleged infringements occurred. As the 2007 agreement between One Main and the architectural firm made the assignment of copyright ownership contingent on payment for services rendered, and One Main had not paid the architectural firm at the time of the 2011 RFP, Normal contends that neither One Main nor Uptown One had ownership of the copyrights in question. Furthermore, as the consent of the architectural firm that prepared the Copyrighted Works was obtained before issuing the RFP in 2011, Normal maintains that there was no copyright infringement as a matter of law.

In support of this argument, Normal references and attempts to incorporate a Settlement and Release Agreement – Uptown that was executed between One Main and the architectural firm in April 2013. Despite Normal's arguments to the contrary, this document is not referred to in the Amended Complaint under any reasonable construction of that language and is not without ambiguity. The 2013 agreement therefore cannot be considered without converting the present motion into a motion for summary judgment pursuant to Rule 12(d). Given the ambiguity in this

agreement, as well as gaping holes in the factual record at this point, the Court declines to convert the Motion to Dismiss and excludes that 2013 agreement from consideration.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This "short and plain statement" must be enough "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127S.Ct. 1955, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). In *Twombly*, the Supreme Court set forth what the Seventh Circuit has characterized as "two easy-to-clear hurdles" that must be cleared to survive a Rule 12(b)(6) motion to dismiss: First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. Second, its allegations must ***plausibly*** suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court. *See EEOC v. Concentra HealthServs., Inc.*, 496 F.3d 773 (7th Cir. 2007).

Here, the Amended Complaint alleges that the architectural firm was paid by One Main and that One Main was the owner of the Copyrighted Works at all relevant times. It is also alleged that Normal copied and posted the Copyrighted Works without authorization from One Main. These allegations are sufficient to "to raise a right to relief beyond a speculative level" and allow the matter to proceed to discovery. *Twombly*, 127 S.Ct. at 1965.

Based on the allegations of the Amended Complaint, the Court cannot find that the Plaintiffs can prove no set of facts that would establish that they are entitled to proceed on their Copyright Infringement claim against Normal. Whether or not they can ultimately succeed on this claim is unclear, but must nevertheless be decided on a more fully developed factual record following

discovery.  As the Copyright Infringement claim has survived the motion to dismiss, there is no need to consider the request to decline to exercise supplemental jurisdiction over the *quantum meruit* claim.  The Motion to Dismiss is therefore denied in its entirety.

## CONCLUSION

For the reasons set forth above, Normal's Motion to Dismiss [10] is DENIED.  This matter is referred to the Magistrate Judge for further proceedings.

ENTERED this 12th day of March, 2014.


        s/ James E. Shadid
        James E. Shadid
        Chief United States District Judge